[836 NE2d 528, 802 NYS2d 642]

In the Matter of DAVID GROSS.

Decided September 21, 2005

**APPEARANCES OF COUNSEL**

*Law Office of John F. Carman,* Garden City (*John F. Carman and James E. Neuman* of counsel), for David Gross.

**OPINION OF THE COURT**

Per Curiam.

After arrest on federal money-laundering charges, Judge David Gross was administratively removed from the performance of his judicial duties by the Chief Administrative Judge, pending consideration of his suspension by this Court. Judge Gross's suspension is uncontested; the only issue before us is whether his suspension will be with or without pay.

Section 44 (8) (c) of the Judiciary Law prescribes that a "judge or justice who is suspended from office by the court shall receive his judicial salary during such period of suspension, unless the court directs otherwise." The statute creates a presumption in favor of suspension with pay, corresponding to the presumption of innocence that is basic to our justice system. In applying the statute in the context of pending criminal charges lodged against a judge, we must consider the statutory presumption as well as the issues of propriety and public confidence that arise when a judge is accused of wrongdoing. In this situation, the Court's general practice—to which we conform today—has been to suspend with pay, unless the charged misconduct is directly connected with performance of the judicial office (*e.g. Matter of Garson*, 100 NY2d 533 [2003]). Should later information or other circumstances warrant, we may convert the suspension to one without pay (*e.g. Matter of Brennan*, 65 NY2d 564 [1985]).

Accordingly, it is the determination of the Court that Judge David Gross be suspended with pay, effective immediately.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO, READ and R.S. SMITH concur in per curiam opinion.

On the Court's own motion, it is determined that Honorable David Gross is suspended, with pay, effective immediately, from the office of Judge of the Nassau County District Court, Tenth Judicial District, pursuant to NY Constitution, article VI, § 22 and Judiciary Law § 44 (8).